David Z. Nevin
Scott McKay
Dean Arnold
NEVIN, BENJAMIN & McKAY LLP
P.O. Box 2772
303 West Bannock
Boise, Idaho 83701
telephone: (208) 343-1000
facsimile: (208) 345-8274

Charles F. Peterson
PETERSON LAW OFFICES
913 W. River St., Suite 420
Boise, ID 83702
telephone: (208) 336-2060
facsimile: (208) 336-2059

Joshua L. Dratel
JOSHUA L. DRATEL, P.C.
14 Wall Street, 28th Floor
New York, NY 10005
telephone: (212) 732-0707
facsimile: (212) 571-6341

Attorneys for Defendant Sami Omar Al-Hussayen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,　)<br>　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>SAMI OMAR AL-HUSSAYEN,　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　　　)<br>　　　　　　　　　　　　　　)<br>_____)  | Case No. CR-03-048-C-EJL<br><br>**MOTION IN LIMINE**<br>**(FISA derived evidence)** |

1 • MOTION IN LIMINE (FISA derived evidence)

ORIGINAL   578

The Defendant Sami Omar Al-Hussayen, through his attorneys, moves the Court to preclude the government from using any evidence at trial that was derived from searches pursuant to the Foreign Intelligence Surveillance Act (FISA, 50 U.S.C. § 1801 *et seq.*).

As the Court is aware, the government obtained voluminous materials including telephone and email intercepts pursuant to FISA orders, the latter of which is mostly Arabic. In June 2003, a full ten months prior to the start of the trial, we moved for the disclosure of all FISA derived evidence. (Docket No. 78). The government admitted that it was in possession of more than "20,000 non-pertinent, minimized communications which remain classified," but "strongly oppose[d] such discovery and declassification" and urged the Court to "simply deny the motion." (Docket No. 89). The Court in September entered a Protective Order (Docket No. 172) requiring the defense to obtain security clearances in order to review the classified FISA information. The defense team subsequently acquired security clearances, but were unable to effectively review the classified materials as no member of the defense is literate in Arabic.[1]

Then, a mere four days prior to trial, the government informed us as well as the Court that it planned to declassify the majority of the classified materials including the telephone and email intercepts. Order, p.2 (Docket No. 572). Later that day, the government initiated the declassification process by providing us with declassified copies of three reel-to-reel tapes, one compact disc containing emails, and several computer disks containing pen register information. The government indicated the declassification process would take one to two weeks. On the first day of trial, the government provided us with an additional ninety-seven (97) declassified

---

[1] The Protective Order precluded Mr. Al-Hussayen, who is fluent in Arabic, from viewing the classified materials, even though the materials consisted primarily of his own statements. In addition, the Arabic translator hired by the defense applied for, and to this day, has not been provided with a security clearance by the Department of Justice.

2  •   MOTION IN LIMINE (FISA derived evidence)

computer discs containing intercepted communications and several documents relating to pen register information.

The government, by declassifying the information in this manner, forced Mr. Al-Hussayen into choosing between two constitutional rights — the right to a speedy trial and the right to a fair trial. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) ("we find it intolerable that one constitutional right should have to be surrendered in order to assert another"). Now that trial has begun, we are simply unable to make any substantive use of the voluminous and belatedly declassified materials, yet the government has had unfettered access to these materials for well over a year and indeed over that period declassified the FISA evidence it wished to use at trial. As our inability to utilize these materials is directly related to the government's refusal to declassify the materials until the eve of trial, while forcing Mr. Al-Hussayen into choosing between two constitutional rights, the government should be precluded from using any such FISA derived evidence at trial. To allow otherwise violates Mr. Al-Hussayen's constitutional right to a fair trial.

DATED this 16 day of April, 2004.

NEVIN, BENJAMIN & McKAY LLP

*Scott McKay*
Scott McKay

3  •  MOTION IN LIMINE (FISA derived evidence)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That on this __16th__ day of April, 2004, I caused a true and correct copy of the foregoing document to be:

\_\_\_\_ mailed

__X__ faxed

\_\_\_\_ hand delivered

to:

Kim Lindquist
Terry Derden
United States Attorney's Office
P.O. Box 32
Boise, ID  83707

_____
Scott McKay

4  •  MOTION IN LIMINE (FISA derived evidence)