UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABDULLAH AL-KIDD, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 1:05-093-EJL |
| ) | |
| v. ) | |
| ) | ORDER |
| ALBERTO GONZALES, Attorney General ) | |
| of the United States; *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 03-048-C-EJL |
| ) | |
| SAMI OMAR AL-HUSSAYEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendants' the United States of America, James Gneckow, and Scott Mace motion for disclosure of specific grand jury materials. The motion seeks discovery and disclosure of three particular categories of documents obtained during the grand jury investigation in a related case, United States of America v. Sami Omar Al-Hussayen, Case No. CR03-048-C-EJL,

ORDER

which the Defendants contend are necessary to respond to the Plaintiff's discovery request and necessary to the defense of this case. The motion notes that the materials are believed to be either non-grand jury materials and, therefore, discoverable or grand jury material subject to the protections of Rule 6(e) which necessitates an order by this Court allowing discovery of the same. Counsel for Mr. Sami Omar Al-Hussayen has filed an opposition to the motion to which the Defendants in this matter have filed a reply brief. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

## Discussion

The facts giving rise to the suit filed in this case relate to Mr. al-Kidd's arrest on a material witness warrant issued in the criminal trial of Sami Omar Al-Hussayen. Mr. al-Kidd has made discovery requests for documents that encompass materials obtained or generated during the criminal investigation of Mr. Al-Hussayen. These documents have been treated by the FBI and United States Attorney's Office as if protected from disclosure by Federal Rule of Criminal Procedure 6(e) and, thus, have not been produced in this lawsuit to anyone including counsel for the Federal Defendants.

Mr. al-Kidd's claims center on the content of the affidavit submitted in support of the material witness arrest warrant application for Mr. al-Kidd which was submitted to the Court in the criminal case against Mr. Al-Hussayen and upon which the Court relied in approving the arrest warrant. As such, the Federal Defendants argue the evidence supporting the affidavit and arrest

warrant is necessary to defend the claims in this action and may be necessary to respond to Mr. al-Kidd's discovery requests. The three categories of documents sought for disclosure to be used in this matter are: all business records pertaining to financial transactions of Mr. al-Kidd or his spouse, including any certifications of those records by financial institutions; all government-prepared summaries or analyses of business records pertaining to financial transactions of Mr. al-Kidd or his spouse that do not contain references to grand jury testimony; and all government-prepared memoranda of interviews of individuals that do not contain references to grand jury testimony.

Generally, grand-jury material are prohibited from disclosure unless one of the exceptions in Federal Rule of Criminal Procedure 6(e)(3) applies. Fed. R. Crim. P. 6(e)(2). Here, the Defendants argue the material is not grand jury material. In determining whether something is "grand jury material" the "touchstone is whether disclosure would 'tend to reveal some secret aspect of the grand jury's investigation' such matters as 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' The disclosure of information 'coincidentally before the grand jury [which can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury' is not prohibited. Senate of the Com. of Puerto Rico v. Department of Justice, 823 F.2d 574, 582 (9th Cir. 1987) (citations omitted).

Counsel for Mr. Al-Hussayen object to the disclosure of these materials arguing the secrecy of the grand jury process is designed to protect both the grand jury process and the privacy of those exonerated from criminal charges. Alternatively, if the Court allows such disclosure that it should conduct an *in camera* review of the materials with counsel present before allowing such disclosure.

Here, the business records sought are clearly not grand jury material as their compilation preceded the grand jury investigation. See United States v. Dynavac, Inc., 6 F.3d 1407, 1412 (9th Cir. 1993) ("the disclosure of business records independently generated and sought for legitimate purposes, would not "seriously compromise the secrecy of the grand jury's deliberations.") (citations omitted). As the Defendants point out, these records were generated outside of the grand jury room and their disclosure would not seriously compromise the secrecy of the grand jury's deliberations. Likewise, the other specified materials – government prepared summaries and analyses of business records and memoranda of interviews of individuals – are not grand jury material. The requested materials specify that they do not reference grand jury testimony. Further, the materials are not of the nature that would tend to reveal some secret aspect of the grand jury's investigation or the inner workings of the grand jury as the requested materials relate to Mr. al-Kidd's business records and the government's summaries or analysis of those records and the grand jury was convened to investigate the charges against Mr. Al-Hussayen.

Were the materials to be deemed grand jury material, the Court would still authorize its disclosure in this case. The motion is made pursuant to Federal Criminal Rule 6(e)(3)(E)(I), which states:

> ...
> (E) The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
>     (I) preliminarily to or in connection with a judicial proceeding;
> ....

A party seeking disclosure of the grand jury transcripts must demonstrate a "particularized need" for the disclosure that outweighs the public interest in continued secrecy of grand jury operations. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 232-33 (1979). Those seeking grand

jury information "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." In re Grand Jury Proceedings, 62 F.3d 1175 (9th Cir.1995) (citing Douglas Oil, 441 U.S. at 222.); see also United States v. Fischbach and Moore, Inc., 776 F.2d 839 (9th Cir. 1995). "[T]he burden of demonstrating this balance rests upon the private party seeking disclosure." Id. As the secrecy concerns become less relevant, the party seeking disclosure "will have a lesser burden in showing justification." Id.

The five factors for determining the need for secrecy in a given case are: (1) the need to prevent the escape of prospective indictees; (2) the need to insure freedom to the grand jury in its deliberations; (3) the need to prevent subornation of perjury and tampering with witnesses by targets of the investigation; (4) the need to encourage free disclosure by witnesses before the grand jury; and (5) the need to protect those exonerated by the grand jury from disclosure of the fact that they were under investigation. United States v. Procter & Gamble Co., 356 U.S. 677, 681 n. 6 (1958); United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir.1993). The Court must consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." Douglas Oil, 441 U.S. 211, 222 (1979).

The Defendants argue the exception in Rule 6(e)(3)(E)(I) applies here and allows the Court to authorize disclosure; the rule provides that a court may authorize the disclosure of such material "(i) preliminarily to or in connection with a judicial proceeding...." Such disclosure may be appropriate where the party seeking the materials demonstrate a "particularized need" for the grand jury material. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). The objecting party maintains that the Defendants have not demonstrated a particularized need for the materials

and that the information could be obtained via a source independent from the grand jury. In addition, Mr. Al-Hussayen's counsel argues the request itself is too broad-sweeping such that it is not clear how much and what material would be released. Counsel for Mr. Al-Hussayen urges the Court to resist allowing any disclosure of the Government's summaries and memoranda of interviews conducted during the investigation or, alternatively, conduct an in camera inspection of the materials with counsel present.

The Court finds that the Defendants have demonstrated a particularized need for the disclosure of the requested materials. The claims in this matter turn upon the validity of the affidavit submitted in support of the material witness warrant issued for Mr. al-Kidd. The requested materials go directly to that question. In addition, the Court agrees with the Defendants that the material requested is not likely to reveal the inner-workings of the grand jury proceedings. The request is for business records pertaining to financial transactions of Mr. al-Kidd or his spouse, the government-prepared summaries or analyses of those records, and government-prepared memoranda of interviews of individuals as related to Mr. al-Kidd's business records and that do not reference any grand jury testimony. The material was not presented to or considered by the grand jury nor does it appear to reference any grand jury testimony. Given the specific nature of the material requested to be disclosed and the particularized need, the Court finds an *in camera* is unnecessary at this time.

## ORDER

Having considered the motion of the United States and the Federal Defendants to disclose specific grand jury materials, and any responses thereto, it is hereby ORDERED that the motion for disclosure (Dkt. No. 130) is **GRANTED**. The parties in this action, Mr. al-Kidd and the United

States, are directed to negotiate and submit a joint proposed protective order for the Court's approval prior to the Federal Defendants producing documents to the Plaintiff. Thereafter, the following materials contained in <u>United States of America v. Sami Omar Al-Hussayan</u>, Case No. CR03-048-C-EJL, may be disclosed to the parties in <u>Abdullah al-Kidd v. Alberto Gonzales, et al.</u>, Case No. CR05-093-S-EJL subject to the Court approved protective order and pursuant to the applicable Federal Rules:

(1) all business records pertaining to financial transactions of Abdullah al-Kidd or his spouse, including any certifications of those records by financial institutions;

(2) all government-prepared summaries or analyses of business records pertaining to financial transactions of Abdullah al-Kidd or his spouse that do not contain references to grand jury testimony; and

(3) all government-prepared memoranda of interviews of individuals that do not contain references to grand jury testimony.

DATED: **August 17, 2007**

Honorable Edward J. Lodge
U. S. District Judge